JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant Janet Harris (hereinafter" Harris" or "plaintiff") appeals from the trial court's decision that granted summary judgment to defendants-appellees Richmond Park Apartments and Skyline Management, LLC (hereinafter "Richmond," "Skyline" or "defendants"). For the reasons that follow, we reverse and remand
 {¶ 2} Harris filed her complaint against defendants and others alleging that she sustained injuries as a result of their negligence.[1] On December 2, 2001, Harris claims she fell and injured her ankle while using her apartment's common area steps. Harris claims that defendant landlords were negligent in maintaining the property.
 {¶ 3} Harris' deposition indicates that she lost her balance on pebbles that were strewn across the steps. Defendants' representatives admitted that pebbles would clutter the steps on occasion. Harris claimed that the Ohio Basic Building Code ("O.B.B.C.") and R.C. 5321.04 obligated the defendant landlords to install a handrail on the subject stairway. The failure to install a handrail, she claimed, created a dangerous condition.
 {¶ 4} Defendants moved for summary judgment. Harris filed a motion in opposition and cross-motion for summary judgment. The trial court granted summary judgment in favor of Richmond and Skyline, from which Harris brings her appeal assigning the following assignments of error for our review:
 {¶ 5} "I. The trial court erred in not granting plaintiff's motion for summary judgment on the issue of negligence per se.
 {¶ 6} "II. Whether there existed evidence in the record, as to each and every element of plaintiff's claim, when construed most favorably to the nonmoving party, which created genuine issues of material fact about which reasonable minds could differ."
 {¶ 7} We address these assignments of error together since they both relate to the propriety of the trial court's decision to grant defendants' motion for summary judgment.
 {¶ 8} "Civ.R. 56(C) specifically provides that before summary judgment may be granted, it must be determined that: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317,327.
 {¶ 9} It is well established that the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. Celotex Corp. v. Catrett (1987),477 U.S. 317, 330; Mitseff v. Wheeler (1988),38 Ohio St.3d 112, 115. Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356.
 {¶ 10} This Court reviews the lower court's grant of summary judgment de novo. Brown v. Scioto Bd. of Commrs. (1993),87 Ohio App.3d 704. An appellate court reviewing the grant of summary judgment must follow the standards set forth in Civ.R. 56(C). "The reviewing court evaluates the record * * * in a light most favorable to the nonmoving party * * *. [T]he motion must be overruled if reasonable minds could find for the party opposing the motion." Saunders v. McFaul (1990), 71 Ohio App.3d 46, 50;Link v. Leadworks Corp. (1992), 79 Ohio App.3d 735, 741.
 {¶ 11} In order to defeat a motion for summary judgment on a negligence claim, a plaintiff must establish that a genuine issue of material fact remains as to whether: (1) the defendant owed a duty of care to the plaintiff; (2) the defendant breached that duty; and (3) the breach of duty proximately caused the plaintiff's injury. Texler v. D.O. Summers Cleaners ShirtLaundry Co. (1998), 81 Ohio St.3d 677, 680.
 {¶ 12} Harris claims that defendants' failure to install a handrail on the stairway where she fell constitutes negligence per se because it is a violation of the duty imposed on landlords under R.C. 5321.04(A).
 {¶ 13} R.C. 5321.04(A) provides, in relevant part, as follows:
 {¶ 14} "(A) A landlord who is a party to a rental agreement shall do all of the following:
 {¶ 15} "(1) Comply with the requirements of all applicable building, housing, health, and safety codes that materially affect health and safety;
 {¶ 16} "(2) Make all repairs and do whatever is reasonably necessary to put and keep the premises in a fit and habitable condition;
 {¶ 17} "(3) Keep all common areas of the premises in a safe and sanitary condition * * *."
 {¶ 18} The Ohio Supreme Court has concluded that R.C.5321.04(A) "requires landlords to conform to a particular standard of care, the violation of which constitutes negligence per se." Sikora v. Wenzel (2000), 88 Ohio St.3d 493, 496
(reasoning that "[t]he language of the statute is `fixed and absolute, the same under all circumstances and is imposed upon' all landlords."). Yet, to constitute negligence per se, the plaintiff tenant must also show that the landlord either knew or should have known of the factual circumstances that caused the violation. Id. at 498, clarifying Shroades v. Rental Homes,Inc. (1981), 68 Ohio St.2d 20.
 {¶ 19} In this case, defendants' representatives admitted that they knew that the landscaping pebbles occasionally littered the steps of the stairway and knew that there was no handrail on the subject stairway. We turn then to examining whether Harris presented enough evidence to create at least a genuine issue of material fact as to whether defendants' failure to install a handrail violated R.C. 5321.04(A)(1). We think so.
 {¶ 20} Harris focuses our attention on R.C. 5321.04(A)(1) asserting that defendants' failure to install a handrail as required by O.B.B.C. materially affected the health and safety or presented a genuine issue of material fact on that point. At least one other court has found that" Section 817.7 of the Ohio Basic Building Code * * * requires that `stairways shall have continuous guards and handrails on both sides,' if there are at least three risers and the width of the stairway is at least 44 inches." The court determined that genuine issues of material fact existed concerning the width of the stairway and whether the absence of a handrail may materially affect the health and safety. Id.
 {¶ 21} The O.B.B.C. 1014.7 requires handrails on stairways with certain exceptions. An examination of the record, including the photographic exhibits of the stairway, do not indicate that any of the exceptions to the handrail requirement would apply in this case. Defendants do not contest the O.B.B.C. requirement, but claim that they were entitled to summary judgment because Harris did not prove that the apartment was constructed after the effective date of O.B.B.C., and absent such proof, her claims must fail. Defendants rely on Kornowski v. Chester Properties
(June 30, 2000), Geauga App. No. 99-G-2221, wherein that appellate court reasoned that the failure to provide the date of construction for a building was "critical because such regulations [O.B.B.C. and ADA] pertain to all buildings except
those that were existing at the time the code became effective, so long as such buildings did not constitute a serious hazard." Id., citing Ohio Adm. Code 4101:2-1-09.
 {¶ 22} We note that the Richmond Heights Housing Code provides that "The Building Code, the Sanitary Code, and all other codes or ordinances of the City prescribing standards for the construction, operation or maintenance of buildings or property, including all amendments thereto, are hereby specifically incorporated into this Housing Code as if their provisions were rewritten therein and the provisions or standards of such codes are applicable to this Code." While it is not clear that the "Building Code" referred to above is the O.B.B.C., we find that summary judgment was unwarranted in any case. There are genuine issues of material fact including whether the absence of a handrail was a "serious hazard." If it was, the date of the apartment's construction is irrelevant. Likewise, whether the absence of a handrail materially affected the health and safety is a question for the jury.
 {¶ 23} Even if negligence per se is established, Harris must also prove proximate cause and damages before defendants can be held liable on her claims. Sikora, supra at 496-497 ("[n]egligence per se lessens the plaintiff's burden only on the issue of the `actor's departure from the standard of conduct required of a reasonable man.' * * * `Such negligence makes the actor subject to liability * * * but it does not necessarily make him liable.'" [citations omitted]).
 {¶ 24} Last, we examine defendants' claim that the open and obvious doctrine bars Harris' claims. The open and obvious doctrine goes to negating the common law duty of ordinary care owed by premises owners to their business invitees in maintaining the premises in a reasonably safe condition and to warn their invitees of latent or hidden dangers. Paschal v. Rite AidPharmacy, Inc. (1985), 18 Ohio St.3d 203; Sidle v. Humphrey
(1968), 13 Ohio St.2d 45, paragraph one of the syllabus. In this case, Harris is claiming a breach of the duty imposed upon all landlords through the provisions of R.C. 5321.04(A). Since it relates to a different duty, defendants' reliance on the open and obvious doctrine is misplaced. The open and obvious doctrine does not negate defendants landlord's statutory duty.[2] Accord,Schoefield v. Beulah Rd., Inc. (Aug. 9, 1999), Franklin App. No. 98AP-1475.
 {¶ 25} Based on the foregoing, we find that there were genuine issues of material fact and summary judgment was unwarranted. The assignments of error are sustained.
 {¶ 26} Judgment reversed and case remanded for further proceedings.
It is ordered that appellant recover of appellees her costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, P.J., and Cooney, J., Concur.
[1] The other defendants were dismissed and are not party to this appeal.
[2] Harris is correct that the courts have only applied the doctrine to landlord tenant law in the context of natural accumulations of snow and ice. We decline to further expand upon what is a specific and limited application of the open and obvious doctrine to landlord tenant law.