OPINION
{¶ 1} In this appeal, submitted on the record and briefs of the parties,[1] defendant-appellant, Camille Chamoun, appeals from the judgment of the Girard Municipal Court, finding him liable for negligent maintenance of a parking lot, and plaintiff-appellee, Eric Merkel, $762.16 for damages to Merkel's automobile. For the reasons that follow, we reverse the judgment and remand to the trial court.
 {¶ 2} On May 25, 2005, plaintiff-appellee, Eric Merkel, filed a small claims complaint in the Girard Municipal Court, alleging that Chamoun, as the lessor of a commercial property, negligently failed to maintain the parking lot, specifically the concrete parking curbs, which caused damage to the front bumper and spoiler of Merkel's Volkswagen Jetta in the amount of $762.16.
 {¶ 3} The matter came before the magistrate for a hearing on August 23, 2005. On August 29, 2005, the magistrate issued his decision and judgment, making the following findings of fact and conclusions of law:
 {¶ 4} "Plaintiff is the owner of a 2000 Volkswagen Jetta 4 dr [sic] Sedan. Defendant is the owner of commercial lease property located at 1920 Churchill Road, Liberty Township. Defendant's wife is employed by a tenant of Defendant's commercial property and works at that location. The defendant property owner's lease agreement requires the defendant to be responsible for the property's parking lot.
 {¶ 5} "On or about April 7th, 2004[,] Plaintiff's wife parked the Vehicle in question in the Defendant's parking lot. Upon backing out of her parking space, she discovered that her car was damaged do [sic] to the fact that the concrete parking block in her parking space had metal rebar rods protruding upwards through the concrete block which damaged the underside of her car initially parked over the rebar. Plaintiff's wife denies seeing the bars when she entered the parking space. Plaintiff incurred $712.61 in repair costs to the vehicle.
 {¶ 6} "Plaintiff alleges that defendant was negligent in his duty to maintain the parking lot in a safe condition and that the failure to do so was the direct and proximate cause of the Plaintiff's damages. Defendant alleges that the Plaintiff had no actual or constructive knowledge of the dangerous condition of the concrete parking blocks, and in the absence of such knowledge can not be liable for the damage to Plaintiff's vehicle.
 {¶ 7} "Defendant further alleges that Plaintiff's wife is fully and/or comparatively negligent in not observing the condition of the parking lot and avoiding the hazard complained of.
 {¶ 8} "The parking lot owned by the Defendant is commercial lease property used by the public, which the Defendant is obligated to maintain in a safe condition. As such the Defendant has an obligation to maintain and alleviate observable defects and hazardous conditions on the property, even in the absence of specific complaint or knowledge.
 {¶ 9} "In this case, the concrete parking barriers were in obvious disrepair and placement creating a substantial risk of harm and danger to property or person and an unsafe hazardous condition, i.e., broken, dislodged and exposed rebar.
 {¶ 10} "Likewise plaintiff has a duty to park her care [sic] with due caution given the observable hazardous conditions of the parking lot concrete barriers."
 {¶ 11} The magistrate's decision determined, under a comparative negligence standard, that Merkel was 30% negligent and Chamoun was 70% negligent, and awarded $498.83 to Merkel for his damages.
 {¶ 12} On September 12, 2005, Chamoun filed an objection to the magistrate's findings of fact and conclusions of law.
 {¶ 13} On October 3, 2005, the trial court filed a judgment entry modifying the magistrate's decision and that Chamoun "was negligent in failing to keep [the] property free of defects likely to cause harm to property; and that said defect was the sole and proximate cause of the damage sustained by the plaintiff Eric Merkel in the sum of $762.16. To such extent, the decision of the magistrate be and hereby is modified."
 {¶ 14} Chamoun appealed, raising one assignment of error:
 {¶ 15} "The trial court erred to the prejudice of Defendant-Appellant in concluding that the Defendant-Appellant was comparatively negligent and awarding a judgment to Plaintiff-Appellee."
 {¶ 16} Civ.R. 53(D)(4)(b) states "[w]hether or not objections are timely filed, a court may adopt or reject a magistrate's decision in whole or in part, with or without modification." A trial court has broad discretion in adopting, rejecting, or modifying a magistrate's decision, thus, an appellate court's role is limited to determining whether the trial court abused its discretion by modifying the magistrate's decision. Marchel v.Marchel, 160 Ohio App.3d 240, 2005-Ohio-1499, at ¶ 7 (citation omitted).
 {¶ 17} An abuse of discretion consists of more than an error of law or judgment. Rather, it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Berk v. Matthews
(1990), 53 Ohio St.3d 161, 169 (citation omitted).
 {¶ 18} As an initial matter, we note that Chamoun failed to provide a transcript or affidavit to the trial court when filing his objections and likewise did not provide one to this court for our review.
 {¶ 19} "Civ.R. 53(E)(3)(b) provides that `any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relative to that fact or an affidavit of that evidence if a transcript is not available.' The duty to provide a transcript or affidavit to the trial court rests with the person objecting to the magistrate's decision."Calhoun-Brannon v. Brannon, 11th Dist. No. 2003-T-0019,2003-Ohio-7216, at ¶ 9, citing In re O'Neal (Nov. 24, 2000), 11th Dist. No. 99-A-0022, 2000 Ohio App. LEXIS 5460, at *3. In addition, "[t]his court has repeatedly held that if the objecting party fails to provide either of the [foregoing] in support of [his] objections, he `is precluded from arguing factual determinations on appeal.'" Id. citing Yancey v. Haehn (Mar. 3, 2000), 11th Dist. No. 99-G-2210, 2000 Ohio App. LEXIS 788, at *2.
 {¶ 20} In light of the limitations imposed by Civ.R. 53, we now turn to appellant's arguments. Chamoun argues that the magistrate's finding that the deteriorated condition of the parking blocks was "obvious" and "observable" is the equivalent of making a finding that the hazard is "open and obvious," precluding, as a matter of law, a finding of negligence on his part. In the alternative, Chamoun argues that even had Merkel established there had been a duty to repair or maintain the parking blocks, he is not liable for the damage to the vehicle, since Merkel failed to offer any proof that Chamoun had actual or constructive notice of the damage to the parking blocks. We disagree.
 {¶ 21} It is well-settled principle of law that, in order to establish actionable negligence, one seeking recovery must demonstrate (1) the existence of a duty, (2) the breach of the duty, and (3) damage or injury resulting proximately therefrom.Strother v. Hutchinson (1981) 67 Ohio St.2d 282, 285, citingFeldman v. Howard (1967), 10 Ohio St.2d 189, 193; Armstrong v.Best Buy Co., Inc., 99 Ohio St.3d 79, 2003-Ohio-2573, at ¶ 8;Peterson v. Coffman and Bender (Sep. 15, 2000), 11th Dist. No. 99-P-0059, 2000 Ohio App. LEXIS 4212, at *4 (citations omitted).
 {¶ 22} As a general rule, "a landlord owes a duty to his tenants and their employees to exercise ordinary care to keep * * * areas over which he maintains possession and control in a reasonably safe condition." Primozich v. Swolsky (Mar. 29, 1991), 6th Dist. No. L-89-378, 1991 Ohio App. LEXIS 1309, at *9 (citation omitted). Moreover, a landlord may obligate himself to perform a duty by contract. Id. (citations omitted). A landowner further owes a duty to warn its invitees of latent or hidden dangers. Haynes v. Mussawir, 10th Dist. Nos. 04AP-110 and 04AP-117, 2005-Ohio-2428, at ¶ 13 (citation omitted).
 {¶ 23} However, the "open-and-obvious doctrine * * * states that a premises-owner owes no duty to persons entering those premises regarding dangers that are open and obvious."Armstrong, 2003-Ohio-2573, at ¶ 5 (citation omitted). When the rule applies, "the open-and-obvious doctrine obviates the duty to warn and acts as a complete bar to any negligence claims." Id. Thus, "the open and obvious doctrine concerns the first element of negligence, existence of a duty." Akers v. Lenox Inn, 5th Dist. No. 01CA59, 2002-Ohio-4052, at ¶ 14. "By focusing on the duty prong of negligence, the rule properly considers the nature of the dangerous condition itself, as opposed to the nature of the plaintiff's conduct in encountering it", i.e., the property owner is relieved from liability due to "the fact that the condition itself is so obvious that it absolves the propertyowner from taking any further action to protect the plaintiff."Armstrong, 2003-Ohio-2573, at ¶ 13 (emphasis added).
 {¶ 24} Although "the existence of a duty is a question of law for a court to decide," courts have recognized that "[w]hether a given hazard is open and obvious" may involve factual issues "which a trier of fact must resolve." Henry v. Dollar Gen.Store, 2nd Dist. No. 2002-CA-47, 2003-Ohio-206, at ¶ 10 (citation omitted); Kidder v. Kroger Co., 2nd Dist. No. 20405,2004-Ohio-4261, at ¶ 8; accord Haynes, 2005-Ohio-2428, at ¶ 14, quoting Miller v. Beer Barrel Saloon (May 24, 1991), 6th Dist. No. 90-OT-050, 1991 Ohio App. LEXIS 2375, at *7 ("[t]he determination of the existence and obviousness of a danger alleged to exist on a premises requires a review of the facts of a particular case"); Fink v. Gully Brook, Inc., 11th Dist. No. 2004-L-109, 2005-Ohio-6567, at ¶ 13 ("[t]he determination of the existence and obviousness of a danger purported to exist on a premises requires an extremely fact-specific inquiry and must be analyzed on a case by case basis").
 {¶ 26} In the case sub judice, the magistrate, in his findings of fact, concluded that "the owner's lease agreement requires defendant to be responsible for the property's parking lot," which created "an obligation to maintain and alleviate observable defects and hazardous conditions even in the absence of specific complaint or knowledge."
 {¶ 27} We do not equate the trial court's finding that the condition was "observable" as necessarily meaning that it was also open and obvious as a matter of law. As mentioned earlier, the record contains no evidence, in the form of a transcript or otherwise, to allow us to review the factual basis for the trial court's determinations, and therefore, we must presume regularity of the proceedings below.[2] See Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 199.
 {¶ 28} Most importantly, the fact that the magistrate reached the issue of the comparative negligence as between the parties necessarily precludes the legal conclusion that the hazard was open and obvious. "The question of comparative negligence is never reached if the court determines that a landowner owes no duty. * * * In the absence of a duty, there is no negligence to compare." Monahan v. Belmont Cty. Agricultural Soc. (July 15, 1998), 7th Dist. No. 97-BA-23, 1998 Ohio App. LEXIS 3259, at *17 (citations omitted); Green v. China House (1997),123 Ohio App.3d 208, 214; Hartman v. Perry House (Aug. 7, 1992), 6th Dist. No. 92WD002, 1992 Ohio App. LEXIS 4012, at *5. Accordingly, we cannot find that the trial court abused its discretion by adopting the magistrate's conclusion that the hazard was not open and obvious as a matter of law.
 {¶ 29} However, we note that the trial court also reached a different factual conclusion from the magistrate when it reallocated the comparative negligence of the parties and modified the award to find Chamoun liable for the entire amount of damages. The question of the comparative negligence of the parties is an issue of fact to be determined by the trier of the facts. Texler v. D.O. Summers Cleaners Shirt Laundry Co.,81 Ohio St.3d 677, 681, 1998-Ohio-602; Gentile v. Cleveland (May 2, 1985), 8th Dist. No. 48962, 1985 Ohio App. LEXIS 7550, at *13.
 {¶ 30} "Under Civ.R. 53, a trial court may only substitute its judgment as to the factual findings made by a [magistrate] once the judge considers the evidence submitted in the case independently or takes new evidence. If a de novo hearing is not held, then the court is to review all of the evidence which was before the [magistrate]." Ohio Edison Co. v. Gilmore (11th Dist. 1995), 106 Ohio App.3d 6, 10 (emphasis added). This court has determined this to mean that a trial court may only conduct a redetermination of the magistrate's findings of fact by either conducting a new hearing or by reviewing the transcript of the proceedings before the magistrate. Id. at 10-11; accord Wade v.Wade (11th Dist, 1996), 113 Ohio App.3d 414, 418 ("absent a transcript or appropriate affidavit as provided in the rule, a trial court is limited to an examination of the [magistrate's] conclusions of law and recommendations, in light of the accompanying findings of fact").
 {¶ 31} Here, there is no evidence that the trial court reviewed the transcript of the proceedings, or conducted a de novo proceeding prior to reallocating the percentage of negligence attributable to each party. Since contributory negligence is a factual determination, we conclude that the trial court abused its discretion by concluding Chamoun was 100% negligent under these circumstances.
 {¶ 32} For the foregoing reasons, we reverse the judgment of the Girard Municipal Court and remand for proceedings consistent with this opinion.
William M. O'Neill, J. Colleen Mary O'Toole, J. concur.
[1] Only appellant, Chamoun, submitted a brief for this court's review. Appellee, Merkel, did not submit a brief.
[2] The only evidence on the record before this court consists of three photographs. The first photograph shows a broken parking block with a large length of rebar steel protruding from the top. The other two photographs, which Chamoun concedes are taken of the "parking block Appellee's wife alleged caused the damage," reveal an unbroken block with a piece of rebar used to anchor the block to the asphalt, protruding from the hole in the right side of the block at a height of one to three inches.