[Cite as *Flores v. Bowling Green State Univ.*, 2013-Ohio-4864.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

LISA K. FLORES, et al.

     Plaintiffs

     v.

BOWLING GREEN STATE UNIVERSITY

     Defendant

Case No. 2012-07153

Judge Patrick M. McGrath
Magistrate Robert Van Schoyck

ENTRY GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

{¶ 1} On April 1, 2013, defendant filed a motion for summary judgment pursuant to Civ.R. 56(B). On April 23, 2013, plaintiffs filed a response. The motion is now before the court for a non-oral hearing pursuant to L.C.C.R. 4(D).

{¶ 2} Civ.R. 56(C) states, in part, as follows:

{¶ 3} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor." *See also*

*Gilbert v. Summit Cty.*, 104 Ohio St.3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317 (1977).

{¶ 4} Plaintiff, Lisa K. Flores (hereinafter "plaintiff"), alleges that on June 14, 2011, she tripped and fell on an uneven section of a sidewalk on defendant's premises and consequently sustained injuries.  Plaintiff asserts a claim of negligence based upon defendant's alleged failure to properly maintain the sidewalk.  Defendant argues that the alleged defect was an open and obvious condition for which it owed no duty of care to plaintiff.

{¶ 5} In order for plaintiff to prevail upon her claim of negligence, she must prove by a preponderance of the evidence that defendant owed her a duty, that defendant's acts or omissions resulted in a breach of that duty, and that the breach proximately caused her to sustain injury.  *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79, 2003-Ohio-2573, ¶ 8, citing *Menifee v. Ohio Welding Prods., Inc.*, 15 Ohio St.3d 75, 77 (1984).

{¶ 6} "Under Ohio law, '[t]he open-and-obvious doctrine provides that premises owners do not owe a duty to persons entering those premises regarding dangers that are open and obvious." *Pesci v. William Miller & Assoc., LLC*, 10th Dist. No. 10AP-800, 2011-Ohio-6290, ¶ 13, quoting *Hill v. W. Res. Catering, Ltd.*, 8th Dist. No. 93930, 2010-Ohio-2896, ¶ 9.  "Open-and-obvious hazards are those hazards that are neither hidden nor concealed from view and are discoverable by ordinary inspection. * * * '[T]he dangerous condition at issue does not actually have to be observed by the plaintiff in order for it to be an "open and obvious" condition under the law.  Rather, the determinative issue is whether the condition is observable.'" *McConnell v. Margello*, 10th Dist. No. 06AP-1235, 2007-Ohio-4860, ¶ 10, quoting *Lydic v. Lowe's Cos., Inc.*, 10th Dist. No. 01AP-1432, 2002-Ohio-5001, ¶ 10.  "Certain clearly ascertainable hazards or defects may be deemed open and obvious as a matter of law for purposes of granting summary judgment." *McConnell* at ¶ 11.

**{¶ 7}** "An exception to the open and obvious doctrine applies when there are 'attendant circumstances' surrounding the event that distract the invitee and reduce the degree of care an ordinary person would otherwise exercise. * * * An attendant circumstance is any significant distraction that would divert the attention of a reasonable person in the same situation and thereby reduce the amount of care an ordinary person would exercise to avoid an otherwise open and obvious hazard. * * * In short, attendant circumstances are facts that significantly enhance the danger of the hazard. * * * Furthermore, the attendant circumstance must be 'an unusual circumstance of the property owner's making.'" *Haller v. Meijer, Inc.*, 10th Dist. No. 11AP-290, 2012-Ohio-670, ¶ 10, quoting *McConnell* at ¶ 17.

**{¶ 8}** According to the transcript of plaintiff's deposition, which defendant filed in support of its motion, plaintiff testified that the accident occurred as she was walking from her home to a Taco Bell restaurant, headed southbound on a sidewalk that runs parallel along the east side of Enterprise Street in the city of Bowling Green, Ohio. Immediately east of the relevant section of sidewalk, there was a chain-link fence. Plaintiff testified that the accident occurred between 7:30 p.m. and 8:15 p.m. on June 14, 2011, and that it was "[m]aybe a little bit later than dusk" but "it wasn't completely dark[.]" (Deposition, p. 19.)

**{¶ 9}** According to photographs that plaintiff authenticated in her deposition, she tripped at a point in the sidewalk where two sections of concrete meet, and a corner of one section was missing. In both her deposition and an affidavit that she submitted, she states that the difference in elevation at that corner was five and a half inches. When asked during her deposition if this defect would have been observable to a southbound pedestrian, plaintiff replied: "In the daylight, yes." (Deposition, p. 8.) Indeed, plaintiff testified that when she traversed the sidewalk on prior occasions, she observed the defect and walked closer to the fence in that area specifically to avoid it. (Deposition, p. 32.) "When a party notices a * * * defect in a walkway while previously traversing the area, the defect is open and obvious." *Cooper v. Meijer Stores Ltd. Partnership*, 10th

Dist. No. 07AP-201, 2007-Ohio-6086, ¶ 20, citing *Haynes v. Mussawir*, 10th Dist. Nos. 04AP-110 & 04AP-117, 2005-Ohio-2428, ¶ 23-24.

{¶ 10} Although plaintiff contends that darkness was an "attendant circumstance" that prevented her from observing the alleged defect on the date in question, "'[d]arkness' is always a warning of danger, and for one's own protection it may not be disregarded." *Jeswald v. Hutt*, 15 Ohio St.2d 224 (1968), paragraph three of the syllabus. Whereas attendant circumstances "reduce the degree of care an ordinary person would otherwise exercise" (*Haller* at ¶ 10), "darkness increases rather than reduces the degree of care an ordinary person would exercise." *McCoy v. Kroger Co.*, 10th Dist. No. 05AP-7, 2005-Ohio-6965, ¶ 16. "Regarding the issue of darkness, at least one Ohio state appellate court has determined that 'the fact that it was dark is not an attendant circumstance to extend liability.'" *Haynes* at ¶ 22, quoting *Huey v. Neal*, 152 Ohio App.3d 146, 2003-Ohio-391, ¶ 12 (3rd Dist.). Further, plaintiff has identified nothing else that she claims to have distracted her or caused her fall.

{¶ 11} Based upon the arguments and evidence presented by the parties, reasonable minds can come to but one conclusion, that the defect was an open and obvious condition, and that defendant therefore owed no duty to plaintiff.

{¶ 12} Given that plaintiff cannot prevail on her claim of negligence, the derivative claim for loss of consortium asserted by plaintiff, Joseph Flores, Jr., must fail as well. *Bowen v. Kil-Kare, Inc.*, 63 Ohio St.3d 84, 93 (1992).

{¶ 13} For the foregoing reasons, the court concludes that there are no genuine issues of material fact and that defendant is entitled to judgment as a matter of law. Accordingly, defendant's motion for summary judgment is GRANTED and judgment is rendered in favor of defendant. All previously scheduled events are VACATED. Court costs are assessed against plaintiffs. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
PATRICK M. MCGRATH
Judge

cc:

Bruce B. Stevens
121 East Court Street
Bowling Green, Ohio 43402-2044

Kristin S. Boggs
Assistant Attorney General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

Robert E. Searfoss III
321 North Main Street
Bowling Green, Ohio 43402

001
Filed May 28, 2013
To S.C. Reporter October 31, 2013