JOURNAL ENTRY AND OPINION
{¶ 1} The plaintiff-appellant, John W. Collins ("Collins"), appeals from the trial court's grant of summary judgment in favor of the defendant-appellee, JHG Inc., ("JHG") concerning negligence claims resulting from a slip and fall accident at a McDonald's restaurant. After reviewing the arguments of the parties and the pertinent law, we reverse the judgment of the trial court and remand for further proceedings.
 {¶ 2} On July 20, 2000, Collins was at McDonald's for dinner. Collins held the front door open for two women as he was leaving. Collins had a cup of coffee in his hand and was speaking to the women at the time. He then tripped on a hole in the sidewalk on McDonald's property and fell. Collins fractured his left foot and injured his head during the fall.
 {¶ 3} On June 28, 2002, Collins filed a complaint against McDonald's Corporation claiming negligence. On July 8, 2002, Collins filed an amended complaint naming both McDonald's Corporation and JHG, the operator of the McDonald's restaurant, as defendants. On August 9, 2002, Collins voluntarily dismissed McDonald's Corporation, leaving JHG as the sole defendant. On April 10, 2003, JHG filed a motion for summary judgment. On June 4, 2003, Collins filed his motion in opposition to JHG's motion for summary judgment. On July 9, 2002, the trial court granted JHG's motion for summary judgment finding that the hole in McDonald's sidewalk was open and obvious as a matter of law. The trial court relied on Armstrong v. Best Buy Co., Inc.,99 Ohio St.3d 79, 2003-Ohio-2573.
 {¶ 4} The appellant presents one assignment of error for review:
 {¶ 5} "I. The trial court erred in granting summary judgment to defendant-appellee JHG, Inc."
 {¶ 6} The appellant claims the trial court erred by finding that the hole in the sidewalk outside the McDonald's restaurant was an open and obvious hazard as a matter of law. We agree.
 {¶ 7} "Civ.R. 56(C) specifically provides that before summary judgment may be granted, it must be determined that: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317,327.
 {¶ 8} It is well established that the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. Celotex Corp. v. Catrett (1987),477 U.S. 317, 330; Mitseff v. Wheeler (1988),38 Ohio St.3d 112, 115. Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356.
 {¶ 9} This Court reviews the lower court's granting of summary judgment de novo. Brown v. Scioto Bd. of Commrs.
(1993), 87 Ohio App.3d 704. An appellate court reviewing the grant of summary judgment must follow the standards set forth in Civ.R. 56(C). "The reviewing court evaluates the record * * * in a light most favorable to the nonmoving party * * *. [T]he motion must be overruled if reasonable minds could find for the party opposing the motion." Link v. Leadworks Corp. (1992),79 Ohio App.3d 735, 741; Saunders v. McFaul (1990), 71 Ohio App.3d 46,50.
 {¶ 10} In order to defeat a motion for summary judgment on a negligence claim, a plaintiff must establish that a genuine issue of material fact remains as to whether: (1) the defendant owed a duty of care to the plaintiff; (2) the defendant breached that duty; and (3) the breach of duty proximately caused the plaintiff's injury. Texler v. D.O. Summers Cleaners ShirtLaundry Co. (1998), 81 Ohio St.3d 677, 680. Whether a duty exists is a question of law for the court to determine.Mussivand v. David (1989), 45 Ohio St.3d 314, 318. The existence of a duty is fundamental to establishing actionable negligence, without which there is no legal liability. Jeffersv. Olexo (1989), 43 Ohio St.3d 140, 142. If no duty exists, the legal analysis ends and no further inquiry is necessary. Gedeonv. East Ohio Gas. Co. (1934), 128 Ohio St. 335, 338.
 {¶ 11} An owner or occupier of the premises ordinarily owes its business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition and has the duty to warn its invitees of latent or hidden dangers. Paschal v. Rite AidPharmacy, Inc. (1985), 18 Ohio St.3d 203. However, the open and obvious doctrine provides that a premises owner owes no duty to persons entering those premises regarding dangers that are open and obvious. Sidle v. Humphrey (1968), 13 Ohio St.2d 45, paragraph one of the syllabus. The Ohio Supreme Court reaffirmed the open and obvious doctrine in Armstrong v. Best Buy,99 Ohio St.3d 79, 2003-Ohio-2573.
 {¶ 12} The open and obvious nature of the hazard itself serves as a warning. The owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves. Simmers v.Bentley Constr. Co. (1992), 64 Ohio St.3d 642, 644. By focusing on the duty prong of negligence, the court's analysis focuses on the nature of the dangerous condition itself, as opposed to the nature of the plaintiff's conduct in encountering it.Armstrong, supra at 84. However, whether something is open and obvious cannot always be resolved as a matter of law just because it may have been visible. E.g., Texler v. D.O. Summers Cleaners Shirt Laundry Co., 81 Ohio St.3d 677, 1998-Ohio-602.[1]
 {¶ 13} Collins' status as a business invitee is not challenged in this appeal. Defendant-appellee premises owner failed to repair the hole in the sidewalk near the door of the McDonald's restaurant. Collins' injuries resulted from defendant-appellee's failure to maintain the premises. But, we must determine if JHG's supporting evidence indicates that the defect in the sidewalk was open and obvious so as to entitle it to judgment in its favor as a matter of law.
 {¶ 14} In the instant matter, Collins stated in his deposition that he ate at this McDonald's restaurant twice while on vacation in the Cleveland area. During one visit, he entered the restaurant through the side door and later exited through the same door. Upon his second visit to the restaurant, he entered through the front door and exited through that same door, where he tripped and fell because of the hole in the sidewalk. Collins stated that he never noticed the hole in the sidewalk because he had "never bothered looking down." (Collins Depo. at 24).
 {¶ 15} The Ohio Supreme Court has previously rejected the notion that an ordinary person would look constantly downward while walking on a sidewalk. Texler v. D.O. Summers Cleaners Shirt Laundry Co., 81 Ohio St.3d 677, 1998-Ohio-602. In that case, the Ohio Supreme Court reversed this appellate court's finding that Texler's failure to observe hazards in her path, i.e., to "watch `her step' in effect" barred her negligence claim. The Ohio Supreme Court held that "`[a] pedestrian using a sidewalk is under a duty to use care reasonably proportioned to the danger likely to be encountered but is not, as a matter oflaw, required to look constantly downward * * *.'" Id., quotingGrossnickle v. Germantown (1965), 3 Ohio St.2d 96.[2]
 {¶ 16} In this case, the record establishes that Collins never saw the hole in the sidewalk and that he was distracted by people in front of him at the time he fell. The presence of other patrons of the restaurant who were obstructing his view were factors beyond Collins' control that contributed to his injuries. Collins was not required to constantly look downward in order to avoid any potential dangers that may lie on or near the ground. Id. Indeed this is not even a reasonable expectation when property owners have a legal duty to maintain the property, including the sidewalks, in good repair.[3] Construing the evidence before us in a light most favorable to Collins, as we must, reasonable minds could differ as to whether the hole was open and obvious.
 {¶ 17} Because an issue of fact exists as to whether the hole in the sidewalk where Collins tripped was an open and obvious danger, the trial court erred in granting judgment in McDonald's favor as a matter of law.
 {¶ 18} Appellant's sole assignment of error is sustained.
Judgment reversed and remanded.
It is ordered that appellant recover of appellee his costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
McMonagle, J., concurs.
 Celebrezze, Jr., P.J., concurs in Judgment only.
[1] The doctrine of "attendant circumstances" would require an analysis of the factual circumstances of each case. See Henry v.Dollar Gen. Store, Greene App. No. 2002-CA-47, 2003-Ohio-206, ¶ 14, citing Walters v. City of Eaton, Preble App. No. CA2001-06-012, 2002-Ohio-1338 (recognizing that attendant circumstances may create a genuine issue of material fact as to whether a danger was open and obvious); see, also, Grossnicklev. Village of Germantown (1965), 3 Ohio St.2d 96, at paragraph three of the syllabus ("Whether the care and attention ordinarily required of a pedestrian is diverted * * * so as to excuse her from observing a hazard, which she otherwise would have the duty to see * * * is a question for the jury."); "there may be `attendant circumstances' which (limit) (qualify) the open and obvious nature of the danger." OJI 13.03, paragraph 4.
[2] Armstrong did not change negligence law but simply held that Texler did not abrogate the open and obvious doctrine.Armstrong did not overrule Texler and it does require the courts to decide the applicability of the open and obvious doctrine as a matter of law in all negligence cases.
[3] Moreover, McDonald's has failed to demonstrate by way of documentary evidence that the hole was open and obvious. McDonald's attaches a poor quality photograph of the hole in the McDonald's parking lot. One cannot discern from this photograph the depth of the hole, or for that matter, its size in relation to the building since only this small section of the parking lot is depicted in the photograph. The only testimony in the record is that of Collins, who does not testify as to the size or depth of this particular hole.