{¶ 32} I respectfully dissent. I would conclude that the trial court correctly determined that there are no genuine issues of material fact and that defendants are entitled to judgment as a matter of law.
 {¶ 33} First, I agree with the trial court's conclusion that "the spreading of the hydromulch * * * does not constitute a nuisance under Ohio law." (Opinion and Journal Entry at p. 5). Absent a nuisance, the city is immune from liability.
 {¶ 34} Moreover, in my view, the trial court correctly determined that plaintiff's action is barred by the open and obvious doctrine. Exhibits submitted to the court clearly demonstrate that the hydromulch had a sleek surface which was perfectly obvious. John Horvath's deposition includes the following admission:
 {¶ 35} "Q: [by Mr. Roche] I'm going to hope you agree when you look at that picture there its pretty obvious that there's some stuff along that tree lawn; right?
 {¶ 36} "A: Yeah. Had I been cutting the grass from this direction I would have seen it."
 {¶ 37} (Tr. 31).
 {¶ 38} Further, because he was cutting the grass, plaintiff would have to have seen the condition of the lawn as he approached, and the record reveals nothing which would have distracted plaintiff. Cf. Collins v. McDonald's Corp., Cuyahoga App. No. 83282, 2004 Ohio 4074.
 {¶ 39} Finally, municipal responsibility extends to the park strip located between a sidewalk and the streets. Palko v. Cityof Elyria (1993), 86 Ohio App. 3d 211; 620 N.E.2d 232. I would therefore reject plaintiff's claim that application of the open and obvious doctrine does not extend to defendants under the circumstances of this case.