{¶ 13} I respectfully dissent from the conclusion reached by the majority in this case. Appellant has presented attendant circumstances that allegedly contributed to his fall. Specifically, he had never ridden his bike that particular route, it was around 10:30 p.m., the sidewalk had no lights, and he did not notice the hole in the sidewalk until he was lying on the concrete following the crash.
 {¶ 14} The majority concluded that there was no evidence that Office Max knew or should have known about the sidewalk hole and that if the appellant "had looked down, he would have seen the hole and moved his bicycle around it." While a jury may ultimately agree with that conclusion, I believe this factual determination must be resolved in favor of the appellant at this point. Appellant is required to use care; however, he is not required to constantly look downward. See Texler v. D.O. SummersCleaners Shirt Laundry Co. (1998), 81 Ohio St.3d 677, quotingGrossnickle v. Germantown (1965), 3 Ohio St.2d 96.
 {¶ 15} Viewing the circumstances as a whole, I cannot summarily conclude that there is no genuine issue of fact as to whether defendant negligently maintained a dangerous condition that resulted in appellant's injuries. See Klauss v. MarcGlassman, Inc., Cuyahoga App. No. 84799, 2005-Ohio-1306;Collins v. McDonald's Corp., et al., Cuyahoga App. No. 83282,2004-Ohio-4074; Olivier v. Leaf and Vine, Miami App. No. 2004CA35, 2005-Ohio-1910, at ¶ 31 (the determination of whether a hazard is latent or obvious depends upon the particular circumstances surrounding the hazard. In a given situation, factors may include lighting conditions, weather, time of day, traffic patterns, or activities engaged in at the time.)
 {¶ 16} For this reason, I would sustain the assignment of error and reverse and remand for further proceedings.