OPINION
{¶ 1} Plaintiff-appellant, Maria Cooper, appeals from a decision of the Franklin County Court of Common Pleas granting summary judgment in favor of defendants-appellees, Meijer Stores Limited Partnership ("Meijer"), Bill Smyers and Roger Sparks (collectively, "defendants"). Because the pothole causing plaintiff's fall was open and obvious as a matter of law, we affirm.
 {¶ 2} According to the evidence the parties submitted in connection with defendants' summary judgment motion, plaintiff went shopping on February 2, 2004 at the *Page 2 
Meijer store at 5555 Cleveland Avenue in Columbus. She was a frequent shopper at the store, visiting it two to four times per week. Plaintiff ordinarily parked close to the store. On that day, however, the parking lot was crowded, forcing her to park farther away from the entrance than usual. As she walked into the store, plaintiff noticed potholes in the parking lot.
 {¶ 3} After she finished shopping, plaintiff left the store pushing a shopping cart full of groceries, including many canned goods. While she was making her way back to her car, one wheel of plaintiff's shopping cart fell into a pothole in the parking lot. The shopping cart tipped over, and plaintiff was pulled to the ground. As a result, she sustained injuries.
 {¶ 4} Plaintiff filed suit on February 2, 2006 against defendants, claiming defendants negligently failed to repair the pothole in the parking lot. Defendants ultimately filed a motion for summary judgment. The trial court granted defendants' motion, initially addressing the affidavit of Marcus Martin, LPI. Plaintiff submitted the affidavit in response to defendants' summary judgment motion to show defendants had actual or constructive notice of the pothole causing plaintiff's fall. The trial court concluded the affidavit could not be considered because it was not based on personal knowledge. The trial court also concluded the pothole at issue was an open and obvious hazard for which defendants owed no duty to plaintiff. Accordingly, the trial court entered judgment for defendants.
 {¶ 5} Plaintiff appeals, assigning the following errors:
 ASSIGNMENT OF ERROR NO. 1
 THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF-APPELLANT BY FAILING TO CONSIDER THE AFFIDAVIT OF MARCUS MARTIN LPI. *Page 3 
 ASSIGNMENT OF ERROR NO. 2
 THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF-APPELLANT BY CONSIDERING THE AFFIDAVITS OF DEFENDANT WILLIAM SMYERS AND DEFENDANT ROGER SPARKS IN SUPPORT OF DEFENDANT-APPELLEES' MOTION FOR SUMMARY JUDGMENT.
 ASSIGNMENT OF ERROR NO. 3
 THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF-APPELLANT BY GRANTING SUMMARY JUDGMENT TO DEFENDANT-APPELLEES MEIJER STORES LIMITED PARTNERSHIP, BILL SMYERS, AND ROGER SPARKS.
 {¶ 6} An appellate court's review of summary judgment is conducted de novo. Koos v. Cent. Ohio Cellular, Inc. (1994), 94 Ohio App.3d 579, 588, citing Brown v. Scioto Cty. Bd. of Commrs. (1993), 87 Ohio App.3d 704,711. We apply the same standard as the trial court and conduct an independent review without deference to the trial court's determination.Maust v. Bank One Columbus, N.A. (1992), 83 Ohio App.3d 103, 107,Brown, at 711. We must affirm the trial court's judgment if any of the grounds the movant raised in the trial court support the judgment.Coventry Twp. v. Ecker (1995), 101 Ohio App.3d 38, 41-42.
 {¶ 7} Summary judgment is appropriate only where (1) no genuine issue of material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion, that conclusion being adverse to the nonmoving party. Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64,66. A party seeking summary judgment "bears the initial responsibility of informing the trial court *Page 4 
of the basis for the motion, and identifying those portions of the record * * * which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." Dresher v. Burt
(1996), 75 Ohio St.3d 280, 292.
 {¶ 8} In order to establish actionable negligence, one seeking recovery must show the existence of a duty, a breach of the duty, and injury resulting proximately from the breach. Strother v.Hutchinson (1981), 67 Ohio St.2d 282, 285. The parties agree that plaintiff was a business invitee when she fell in the Meijer parking lot. A shopkeeper ordinarily owes its business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition, including an obligation to warn its invitees of latent or hidden dangers. Armstrong v. Best Buy Co., 99 Ohio St.3d 79,2003-Ohio-2573, at ¶ 5, citing Paschal v. Rite Aid Pharmacy, Inc.
(1985), 18 Ohio St.3d 203. A business owner, however, is not an insurer of a customer's safety. Paschal, supra, at 203.
 {¶ 9} In a premises liability action, the plaintiff proves the defendant's breach of duty if any one of three conditions is satisfied: (1) the defendant, through its officers or employees, was responsible for the hazard complained of; (2) at least one of such persons had actual knowledge of the hazard and neglected to give adequate notice of its presence or to remove it promptly; or (3) such danger existed for a sufficient length of time reasonably to justify the inference that the failure to warn against it or remove it was attributable to a want of ordinary care. Sharp v. Andersons Inc., Franklin App. No. 06AP-81, 2006-Ohio-4075, at ¶ 9, citing Johnson v. Wagner Provision Co. (1943),141 Ohio St. 584, 589.
 {¶ 10} The open and obvious doctrine eliminates a shopkeeper's duty to warn a business invitee of dangers either known to the invitee or so obvious and apparent to the *Page 5 
invitee that he or she may reasonably be expected to discover them and protect against them. Simmons v. Am. Pacific Ent., LLC,164 Ohio App.3d 763, 2005-Ohio-6957, ¶ 21, citing Sidle v. Humphrey (1968),13 Ohio St.2d 45. The doctrine's rationale is that the open and obvious nature of the hazard itself serves as a warning, so that business owners may reasonably expect their invitees to discover the hazard and take appropriate measures to protect themselves against it. Simmers v.Bentley Constr Co. (1992), 64 Ohio St.3d 642, 644.
I. Third Assignment of Error {¶ 11} Because plaintiff's third assignment of error determines the appeal, we first address it.
 {¶ 12} Plaintiff's third assignment of error asserts the trial court improperly concluded the pothole at issue was open and obvious as a matter of law. If the record reveals no genuine issue of material fact as to whether the danger was free from obstruction so that an ordinary person could readily appreciate it, the open and obvious nature of the hazard appropriately may be determined as a matter of law. Schmitt v.Duke Realty, Franklin App. No. 04AP-251, 2005-Ohio-4245, at ¶ 11-15. If, however, reasonable minds could differ about whether the danger was free from obstruction so that an ordinary person could readily appreciate it, the jury appropriately should resolve the issue before the court determines whether the landowner has a duty to the business invitee.Schmitt, ¶ 17-19. Whether the open and obvious nature of a hazard presents a question of law for the court or a question of fact for the jury will depend largely on the facts of each particular case. SeeBoles v. Montgomery Ward Co. (1950), 153 Ohio St. 381, 384. *Page 6 
 {¶ 13} Open and obvious dangers are those not hidden, concealed from view, or undiscoverable upon ordinary inspection. Lydic v. Lowe's Cos.,Inc., Franklin App. No. 01AP-1432, 2002-Ohio-5001, ¶ 10. A person does not need to observe a dangerous condition for it to be an "open and obvious" condition under the law; rather, the determinative issue is whether the condition is observable. Id. Even in cases where the plaintiff did not actually notice the condition until after he or she fell, this court has found no duty where the plaintiff could have seen the condition if he or she had looked. Id. Thus, a pedestrian's failure to avoid an obstruction because he or she did not look down is no excuse. Id., citing Jeswald v. Hutt (1968), 15 Ohio St.2d 224. In her deposition, plaintiff concedes that had she looked down, she could have seen the ground ahead of her cart and spotted the pothole. (Cooper May 2, 2006 Depo. 52, 53.)
 {¶ 14} Even when a plaintiff admits not seeing an obstacle because he or she never looked down, a jury question may arise if attendant circumstances distracted him or her. Collins v. McDonald's Corp., Cuyahoga App. No. 83282, 2004-Ohio-4074. Pursuant to Collins, plaintiff contends that even though the pothole causing her fall was observable, the open-and-obvious doctrine does not apply due to attendant circumstances that distracted her from seeing the pothole.
 {¶ 15} Attendant circumstances act as an exception to the open-and-obvious doctrine. McGuire v. Sears, Roebuck Co. (1996),118 Ohio App.3d 494, 498-499. An attendant circumstance is a factor that contributes to the fall and is beyond the control of the injured party.Backus v. Giant Eagle, Inc. (1996), 115 Ohio App.3d 155, 158. It can consist of "any distraction that would come to the attention of a pedestrian in the same circumstances and reduce the degree of care an ordinary person would exercise at the *Page 7 
time." McGuire, supra, at 499, quoting McLain v. Equitable Life Assur.Co. (Mar. 13, 1996), Hamilton App. No. C-950048.
 {¶ 16} Relying on McGuire and Zuzan v. Shutrump, 155 Ohio App.3d 589,2003-Ohio-7285, plaintiff asserts the attendant circumstances here consist of (1) the presence of a large number of other pedestrians and automobiles in the parking lot lane where the accident occurred, and (2) the grocery cart she was pushing was full of groceries. Contrary to plaintiff's contentions, Zuzan militates against plaintiff, noting that "[w]hen the invitee admits to knowing of the danger, summary judgment is easily granted." Id. at ¶ 7. As plaintiff's deposition testimony revealed, plaintiff knew the parking lot had potholes and thus was aware of the danger.
 {¶ 17} Similarly, McGuire does not aid plaintiff's argument. InMcGuire, the court upheld the trial court's decision granting summary judgment to a storeowner, despite the plaintiff's claim that displays in the store distracted her. The court refused to find the store displays to be an attendant circumstance, as the plaintiff was unable to point to anything about the displays that would "distinguish the area in question from one regularly encountered in a retail setting." Id. at 500.McGuire thus suggests a plaintiff who claims attendant circumstances must be able to point out differences between ordinarily encountered conditions and the situation that actually confronted the plaintiff. The breadth of the attendant circumstances exception does not encompass the common or the ordinary. Gamby v. Fallen Timbers Enterprises, Lucas App. No. L-03-1050, 2003-Ohio-5184, at ¶ 13, citing McGuire, supra, at 498.
 {¶ 18} Plaintiff here failed to demonstrate the traffic in the parking lot at the time she fell was different than that a shopper ordinarily would encounter. Plaintiff's testimony *Page 8 
indicates that as she walked through the Meijer parking lot on her way into the store, she encountered vehicle and pedestrian traffic heavy enough to cause her to change direction. Her testimony, however, is unclear about how much traffic she encountered on her way back to her car, as her two depositions vary. While pushing her shopping cart back to her car, plaintiff either "just went straight" without needing to change direction at all (Cooper Apr. 13, 2005 Depo. 41), or she moved the cart "[m]aybe a couple inches" in order to make way for any other pedestrians. (May 2, 2006 Depo. 48-49.)
 {¶ 19} Even when we view her testimony in the light most favorable to her, plaintiff does not describe a situation where an ordinary person would be distracted from seeing potholes in a parking lot on her way to her car. The cars, other pedestrians, and even a two-inch deviation en route are commonplace in a grocery store parking lot. Without more, they do not create a distraction, or attendant circumstance, that would reduce the degree of care an ordinary person would exercise. SeeSeifert v. Great Northern Shopping Center (Nov. 5, 1998), Cuyahoga App. No. 74439 (finding that a crowded parking lot and heavy vehicular traffic on a holiday weekend did not constitute attendant circumstances); Thompson v. Kroger Co. (June 9, 1992), Montgomery App. No. 13248 (concluding a jury question exists where a plaintiff contends vehicular traffic in a poorly lit parking lot created a distraction);Collins, supra (holding an issue of fact for the jury exists when a plaintiff did not look down to see the obstacle because he was holding door for, and talking to other people who distracted him).
 {¶ 20} Moreover, although plaintiff's grocery cart obstructed to some degree her view of the parking lot, it does not rise to the level of an attendant circumstance. Plaintiff was able to see the parking lot ahead of the grocery cart much the way a driver can see *Page 9 
the road over the hood of the car. While plaintiff might urge that we follow Kroger and Collins, they each are significantly different than plaintiff's case in at least one respect. In each of those cases, the injured party did not know a potential obstacle was present until the accident occurred. Plaintiff, by contrast, discovered the potholes in the parking lot aisle as she made her way into the building. When a party notices a hole in a parking lot or other defect in a walkway while previously traversing the area, the defect is open and obvious.Haynes v. Mussawir, Franklin App. No. 04AP-100, 2005-Ohio-2428, at ¶ 23-24, Gamby, supra, at ¶ 12. Because plaintiff was aware of the potholes from traversing the parking lot on her way into the store, and because the evidence does not create an issue of fact regarding attendant circumstances, the trial court correctly concluded the pothole was open and obvious.
 {¶ 21} In response, plaintiff contends that the hazard confronting her was not simply the pothole, but was "the combination of the Meijer's grocery cart and the pothole." (Plaintiff's brief, 13.) Plaintiff seizes upon Smyers' deposition admission that about ten percent of the shopping carts at that particular store potentially had bad wheels. Based on this testimony, plaintiff contends "an ordinary shopper could not have perceived the true nature of the hazard," and thus the hazard was not open and obvious. Id. Because the record contains no evidence that the cart plaintiff utilized was damaged, her argument fails. Accordingly, plaintiff's third assignment of error is overruled, rendering plaintiff's first and second assignments of error moot.
 {¶ 22} Because the pothole that caused plaintiff's fall was open and obvious, the trial court properly granted summary judgment to defendants. Having overruled plaintiff's *Page 10 
third assignment of error, rendering moot her first and second assignments of error, we affirm the judgment of the trial court.
Judgment affirmed.
BROWN and BOWMAN, JJ., concur.
BOWMAN, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution. *Page 1