[Cite as *Griffin v. Ohio Dept. of Rehab. & Corr.*, 2023-Ohio-3716.]

**IN THE COURT OF CLAIMS OF OHIO**

| | |
|---|---|
| MARK GRIFFIN | Case No. 2022-00339JD |
| Plaintiff | Judge Lisa L. Sadler<br>Magistrate Robert Van Schoyck |
| v. | |
| OHIO DEPARTMENT OF<br>REHABILITATION AND CORRECTION | <u>ENTRY GRANTING DEFENDANT'S<br>MOTION FOR SUMMARY JUDGMENT</u> |
| Defendant | |

{¶1} Plaintiff, an inmate in the custody and control of Defendant, brings this action for negligence arising from allegations that he was electrically shocked and injured by the light switch in his cell at the Toledo Correctional Institution (ToCI) on June 26, 2021. (A separate claim for retaliation based upon Plaintiff's use of the prison grievance system was dismissed for lack of subject matter jurisdiction on September 8, 2022.)

{¶2} On July 24, 2023, Defendant filed a Motion for Summary Judgment pursuant to Civ.R. 56(B). Plaintiff filed responses on August 7 and 9, 2023. The motion is now before the court for a non-oral hearing pursuant to Civ.R. 56 and L.C.C.R. 4.

{¶3} Civ.R. 56(C) states, in part, as follows:

{¶4} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor." *See also Gilbert v. Summit Cty.*,

104 Ohio St.3d 660, 2004-Ohio-7108, 821 N.E.2d 564, ¶ 6, citing *Temple v. Wean United, Inc.,* 50 Ohio St.2d 317, 364 N.E.2d 267 (1977).

{**¶5**} "The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact." *Starner v. Onda*, 10th Dist. Franklin No. 22AP-599, 2023-Ohio-1955, ¶ 20, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 293, 662 N.E.2d 264 (1996). "The moving party does not discharge this initial burden under Civ.R. 56 by simply making conclusory allegations." *Id.* "Rather, the moving party must affirmatively demonstrate by affidavit or other evidence allowed by Civ.R. 56(C) that there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." *Id.* "Once the moving party discharges its initial burden, summary judgment is appropriate if the non-moving party does not respond, by affidavit or as otherwise provided in Civ.R. 56, with specific facts showing that a genuine issue exists for trial." *Hinton v. Ohio Dept. of Youth Servs.*, 2022-Ohio-4783, 204 N.E.3d 1174, ¶ 17 (10th Dist.), citing *Dresher* at 293; *Vahila v. Hall*, 77 Ohio St.3d 421, 430, 674 N.E.2d 1164 (1997); Civ.R. 56(E).

{**¶6**} As the basis for its motion, Defendant argues that "[b]ecause DRC had no actual or constructive notice of any hazard or defect that rendered the light in Mr. Griffin's cell unreasonably dangerous, DRC did not have a duty to protect him from that alleged risk. Therefore, DRC cannot be held negligent as a matter of law." Motion, p. 2.

{**¶7**} "In a negligence action, the plaintiff bears the burden of proving by a preponderance of the evidence that the defendant breached a duty owed to him and that the breach proximately caused the injury." *Harris v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 19AP-81, 2019-Ohio-5137, ¶ 7.

{**¶8**} "Typically under Ohio law, premises liability is dependent upon the injured person's status as an invitee, licensee, or a trespasser. * * * However, with respect to custodial relationships between the state and its inmates, the state has a duty to exercise reasonable care to prevent prisoners in its custody from being injured by dangerous conditions about which the state knows or should know." *Cordell v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 08AP-749, 2009-Ohio-1555, ¶ 6.

{¶9} "Although the state is not an insurer of the safety of its prisoners, once the state becomes aware of a dangerous condition in the prison, it is required to take the reasonable care necessary to make certain that the prisoner is not injured." *Barnett v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 09AP-1186, 2010-Ohio-4737, ¶ 23.

{¶10} To sustain his claim of negligence, it is Plaintiff's "burden to demonstrate that [Defendant] had notice of the condition of which he complains." *Id.* at ¶ 23, citing *Presley v. Norwood*, 36 Ohio St.2d 29, 31, 303 N.E.2d 81 (1973). "Notice may be actual or constructive, the distinction being the manner in which the notice is obtained rather than the amount of information obtained." *Watson v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 11AP-606, 2012-Ohio-1017, ¶ 9. "Actual notice exists where the information was personally communicated to or received by the party." *Jenkins v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 12AP-787, 2013-Ohio-5106, ¶ 23. "Constructive notice is that notice which the law regards as sufficient to give notice and is regarded as a substitute for actual notice." *Hughes v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 09AP-1052, 2010-Ohio-4736, ¶ 14.

{¶11} Defendant, in support of its motion, submitted affidavits from two of its employees: Matthew Wagner, who was a Correctional Sergeant at ToCI at all times relevant to the complaint, and Benjamin Sommers, II, who was the Building Construction Superintendent at ToCI at all times relevant to the complaint.

{¶12} Wagner avers, in part, that when an inmate is assigned to a new cell, staff inspect the cell for safety and security issues, and staff also make "[q]uality rounds of inmate living areas * * * on a routine basis for the purpose of assessing the functioning of the specific units within the institution including any maintenance issue affecting the area/location. Rounds include visual inspection of cells, examining operational issues, and speaking with the inmates and inquiring about issues/concerns they may have." Wagner Affidavit, ¶ 5, 7. Unit staff are responsible for notifying the maintenance department through a work order or other written record of any damage to cells or potential hazard or defect so that such issues can be fixed or corrected. *Id.* at ¶ 6, 8-9. "Inmates may also submit kites, internal complaints, and grievances to report and directly pursue any concerns regarding inmate health and safety." *Id.* at ¶ 10. From February 3, 2021, through the time of the incident on June 26, 2021, Plaintiff was the only inmate

assigned to the cell in question, which was a single-occupancy cell in a restrictive housing unit. *Id.* at ¶ 14, 17. Plaintiff "never reported or raised any concerns regarding the light or conditions of his cell until after this incident", nor had any other inmates previously raised such concerns about the cell. *Id.* at ¶ 18-19. "Inspections and rounds of the unit did not reveal or note any defect in Mr. Griffin's cell or living areas in the months prior this incident." *Id.* at ¶ 20. Wagner states that prior to Plaintiff reporting the incident he "had no knowledge of any defect with the light or potential electrical hazard in" the cell, nor prior "knowledge of any inmate or DRC staff being shocked or otherwise injured by the light in [the cell]." *Id.* at ¶ 21-22.

{¶13} In his affidavit, Sommers describes, in part, how cells are routinely inspected for maintenance issues and how potential safety hazards, defects, or other issues are to be documented in writing. Sommers Affidavit, ¶ 4-6. Sommers "reviewed all maintenance records from 2021 and there were no work orders or documentation of any deficiency and/or potential hazard" for the cell in question prior to the incident. *Id.* at ¶ 9. Sommers avers that he "also reviewed [his] older communication and never received any kite, informal complaint, or grievance from Mr. Griffin regarding any issues/concerns with the light or conditions of [the cell] before this incident." *Id.* at ¶ 11.

{¶14} Plaintiff's responses are nearly devoid of any argument or legal authority but he asserts that "[t]here is a genuine issue and material fact as to cause of plaintiff's electrocution, and shock, and (ODRC employees) listed it as; <u>electrical failure</u>, and <u>electrical malfunction</u>,." (Emphasis sic.) As evidence, Plaintiff submitted five documents that he explains were received in discovery and which, in his view, are "related to actual cause of electrical burn and shock."

{¶15} Upon review, the affidavits of Wagner and Sommers demonstrate that Defendant did not have notice of any hazard associated with the light switch in Plaintiff's cell before the incident. The documents that Plaintiff submitted in response include an incident report, an inmate accident report, a work order request, a maintenance record, and a Rules Infraction Board document, all of which were created after the incident. Even when viewing the evidence most strongly in Plaintiff's favor, the documents that he submitted fail to establish a genuine issue of material fact as to whether Defendant had notice of the alleged hazard. While it appears from at least one of these documents and

others attached to the complaint that there was a dispute at some point about whether the incident was caused by Plaintiff tampering with the light switch as opposed to some other electrical failure for which he had no fault, the basis for Defendant's Motion for Summary Judgment does not involve that issue and instead rests on the question of whether Defendant had notice—actual or constructive—of the alleged hazard.  On that question, reasonable minds can only conclude that Defendant lacked notice and therefore cannot be liable on Plaintiff's claim of negligence.  *See Barnett*, 2010-Ohio-4737, at ¶ 24 (in negligence claim, inmate failed to establish that prison had notice of a problem with electric device that shocked him); *Hill v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 12AP-265, 2012-Ohio-5304, ¶ (in negligence claim, prison visitor failed to establish that prison had notice an electrical box cover had been removed).

{¶16} Based upon the foregoing, the court concludes that there are no genuine issues of material fact and that Defendant is entitled to judgment as a matter of law.  As a result, Defendant's Motion for Summary Judgment is GRANTED and judgment is hereby rendered in favor of Defendant.  All previously scheduled events are VACATED. Court costs are assessed against Plaintiff.  The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

LISA L. SADLER
Judge

**Filed September 27, 2023**
**Sent to S.C. Reporter 10/12/23**